ORIGINAL

ECF

FILED
SEP 2 5 2003
U.S. COURT OF FEDERAL CLAIMS

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MONUMENTAL INVESTMENT CORPORATION
4530 Hollins Ferry Road
Baltimore, Maryland 21227

Plaintiff

v.

Civil Action No: 03-2227C

UNITED STATES OF AMERICA, GENERAL SERVICES ADMINISTRATION
77 Forsyth Street, SW
Atlanta, Georgia 30303-3458

**Serve on: Statutory Agent**
**Attorney General of the United States**

Defendant

* * * * * * * * * * *

## COMPLAINT

Monumental Investment Corporation ("Monumental"), by its undersigned counsel, hereby sues the United States of America, General Services Administration and for cause states:

## THE PARTIES

1. Monumental is a corporation organized and existing under the laws of the State of Maryland with its principal place of business located in Baltimore, Maryland. Monumental provides financing, financial accommodations, and other financial assistance to contractors.

2. The General Services Administration is an agency of the United States of America.

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to Title 28, Section 1491 of the United States Code ("Tucker Act"). The Settlement Agreement entered into between the GSA and Monumental is a valid express contract within the contemplation of the Tucker Act. The Settlement Agreement embodies an intent to contract, offer and acceptance, mutual obligations, consideration and it was executed by the GSA Contracting Officer, who had actual authority to bind the government.

## FACTS

4. The GSA and Pat Mathis Construction Company, Inc. ("Mathis") entered into a contract for the construction of a federal courthouse in Albany, Georgia, Contract No. GS-04P-96-EXC-0034 (hereinafter the "Contract").

5. Pursuant to that Contract and applicable federal law, Mathis was required to provide a performance bond and a payment bond for the project. The bonds required for the project were issued by Federal Insurance Company, Reliance Insurance Company and United Pacific Insurance Company (Collectively, the "Sureties").[1]

6. Monumental provided financing and other financial assistance to Mathis in connection with the Contract and to secure Mathis' obligations to the GSA and the Sureties. As a result of Monumental's interest on May 1, 2001, Monumental and Mathis entered into an Assignment whereby Mathis assigned to Monumental all of its rights,

interests and title to any amounts owed under the Contract and Monumental was expressly appointed as the attorney-in-fact for Mathis to pursue and collect all funds owed under the Contract.[2] A copy of the Assignment is attached hereto as **Exhibit A**.

7. On May 24, 2002, Mathis achieved substantial completion of the project; however, numerous claims and disputes arose between Mathis and the GSA regarding the project.

8. The GSA contended that certain work was incomplete or unsatisfactory, that certain work performed by Mathis caused "diminished value" to the government and that certain warranty work was required. Further, the GSA contended that it was entitled to recover liquidated damages.

9. Mathis denied the GSA's contentions and asserted that it was entitled to time extension costs, change orders, and equitable adjustment.

10. In light of the disputes between the parties, settlement negotiations were entered into and in August, 2002, the parties reached a valid and binding settlement.

11. In September, 2002, the parties executed a Settlement Agreement (the "Agreement"), which memorialized the agreement reached between the parties and resolved the various claims and disputes. A copy of the Settlement Agreement is attached hereto as **Exhibit B.**

12. The Agreement provides among other things that promptly upon execution and submission of a proper invoice by Monumental, the GSA shall pay

---

[1] Travelers Property and Casualty is the administrator for Reliance Insurance Company and United Pacific Insurance Company.

[2] The assignment between Mathis and Monumental was accepted by the GSA. *See* **Exhibit 2** *infra.*

$500,491.26 to Monumental. Id. at ¶9. Monumental submitted the invoice as required, however, the GSA, improperly and without justification or excuse, has failed to pay the full amount required by the terms of the Agreement and still owes Monumental $26,382.97 of the $500,491.26 payment.

13. The Agreement provides that Mathis or Monumental would complete certain delineated items of work in exchange for which the GSA would pay $150,000.00. Id. at ¶¶3 & 4. Monumental has completed the listed items of work. The GSA, in breach of the Agreement, has refused to pay the $150,000.00 as required.

14. The Agreement further provides that the GSA would retain $176,500.00 pending completion of certain electrical work to be performed by the GSA and that the GSA would provide an accounting and back-up documentation regarding the costs of the electrical work performed. Id. at ¶5. The GSA was obligated to release any part of the $176,500.00 being held for the electrical work that was not actually expended. Id. The electrical work has been completed; however, the GSA has, improperly and without justification or excuse, failed and refused to provide the accounting and back-up information and has failed and refused to remit any of the remaining monies held for the electrical work.

15. Pursuant to paragraph 6 of the Agreement, the GSA held $50,000.00 pending completion of certain touchup repair work on the millwork and first floor lobby tile work. Id. The funds were to be held until May 24, 2003 at which time the GSA was required to release the money less amounts reasonably required for repairs to

the millwork and tile covered by the contractual warranty provisions. The GSA, in breach of the Agreement, has failed and refused to release the $50,000.00.

**COUNT I**
**(Breach of Settlement Agreement)**

16. The allegations contained in preceding paragraphs of this Complaint are incorporated herein by reference as if fully set forth.

17. Monumental entered into a valid and binding Agreement with the GSA to resolve all disputes arising out of the Albany, Georgia Court House Project.

18. Monumental performed all obligations and conditions as agreed in the Agreement.

19. The GSA has failed and refused to pay all of the monies due and owing under the Agreement, without cause or justification.

20. The GSA has accepted the performance of Monumental and received the benefit of Monumental's services and is now obligated to pay in accordance with the terms of the Agreement.

21. Despite repeated demands for payment, the GSA has failed and refused to perform its obligations under the terms of the Agreement. Monumental is currently owed substantial sums of money plus interest and costs.

22. Under the Agreement Monumental is entitled to immediate payment and performance from the GSA.

WHEREFORE, Monumental Investment Corporation demands judgment against the GSA as follows:

(i) $26,382.97 for the remaining amount owed under paragraph 9 of the Agreement;

(ii) $150,000.00 for the amount owed under paragraphs 3 and 4 of the Agreement;

(iii) $50,000.00 for the amount owed under paragraph 6 of the Agreement;

(iv) $176,500.00 or such lesser amount as determined by this Court owed under paragraph 5 of the Agreement; and

(v) prejudgment interest, post-judgment interest, costs of suit and such other and further relief as this Court deems proper and just.

WHITEFORD, TAYLOR & PRESTON, LLP

Michael A. Stover
Whiteford, Taylor & Preston, LLP
Seven Saint Paul Street
Suite 1300
Baltimore, Maryland 21202
(410) 347-8700
(410) 347-9412 (fax)

Attorneys for Monumental Investment Corporation

*1508376*