# SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into by and among the Pat Mathis Construction Company, Inc. ("PMCC"), Federal Insurance Company ("Federal"), Travelers Property and Casualty as Administrator for Reliance and United Pacific Insurance Company ("Travelers"), Monumental Investment Corporation ("Monumental") and the United States General Services Administration ("GSA") effective this ____ day of August, 2002.

WHEREAS, the GSA and PMCC entered into Contract No. GS-04P-98-EXC-0034 [illegible] (the "Contract") for the construction of a new federal courthouse in Albany, Georgia (the "Project");

WHEREAS, PMCC achieved substantial completion of the Project as of May 24, 2002;

WHEREAS, the Government contends that certain items of construction performed by Pat Mathis have resulted in diminished value to the Government as more particularly identified on the Diminished Value Items List attached hereto as Exhibit 1 (the "Diminished Value Items");

WHEREAS, the Government has identified incomplete or unsatisfactory items of electrical scope of work as more particularly set forth in the Deficiency and Omissions List dated August 2, 2002 for electrical scope of work attached hereto as Exhibit 2 (the "Electrical D&O List");

WHEREAS, the Government has identified warranties and attic stock items required to be supplied under the Contract as identified on the Warranty and Stock Material List attached hereto as Exhibit 3 (the "Warranty Items");

WHEREAS, the GSA has identified other items of work that it contends are either deficiencies or omissions as identified on the Deficiency and Omission List (non-electrical items) attached hereto as Exhibit 4 (the "D&O List");

WHEREAS, PMCC has asserted entitlement to time extension costs, change orders, and Requests for Equitable Adjustment (the "Claims"), which Claims are disputed by the GSA;

WHEREAS, the GSA has asserted entitlement to recover liquidated damages pursuant to the terms of the Contract, which entitlement is disputed by PMCC;

WB

WHEREAS, Federal and Travelers, through their indemnitor Monumental, have provided financing and other assistance to PMCC for completion of the Project;

WHEREAS, PMCC has made an assignment to Monumental of all of its rights under the Contract, a copy of which is attached hereto us Exhibit 5, which assignment has been accepted by the GSA;

WHEREAS, Federal, Reliance Insurance Company, and United Pacific Insurance Company executed payment and performance bonds in connection with the Contract naming the GSA as obligee pursuant to the applicable provisions of the Miller Act (the "Bonds");

WHEREAS, Travelers is the Administrator for Reliance Insurance Company and United Pacific Insurance Company pursuant to agreements between those parties; and

WHEREAS, the parties desire to amicably resolve their disputes in connection with the Contract and to provide an agreed-upon plan for completion of the Project as set forth herein.

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth herein, the parties acknowledging receipt and sufficiency of consideration and intending to be legally bound agree as follows:

1. The parties agree to resolution of open change order proposals from PMCC as set forth below. All other change orders, whether unilateral, rejected, disputed, or open are hereby resolved.

- PR 17- $56,117;
- PR 88- $ 1,861;
- PR 158- $11,000;
- PR 63- $ 1,118.

2. The parties agree that the GSA will deduct the amount of $42,513 from the Contract funds in consideration of the cost for replacement of the PBX switch. The Government agrees to provide reasonable documentation as requested by PMCC or Monumental to permit PMCC or Monumental to pursue recovery of this amount from PMCC's insurance carrier.

3. The parties agree that PMCC shall complete the following items of work:

- Architectural as-builts;

- Provide warranties required by the Contract, including the general warranty and specific warranties as set forth on the Warranties and Stock Material List attached hereto as Exhibit 3 and operation and Maintenance Manuals for non-electrical scope items;
- Remedy the existing mechanical control issues that have been identified on the Project;
- Provide certification of the sprinkler system;
- Provide door hardware materials as required by the D&O List;
- Provide services of Mike Turner through August 30, 2002 to perform work as set forth on the D&O List, the Electrical D&O List, or the Diminished Value List at the GSA's discretion, Turner's salary and reasonably necessary overtime to be paid by PMCC/Monumental;
- Provide attic stock as required by the Contract as set forth on the Warranty and Stock Material List; and
- Replace the handicap ramp at the intersection of Broad and Washington Streets in accordance with the standard requirements of the City of Albany.

4. The parties agree that PMCC shall complete the items set forth in paragraph 3 by November 14, 2002. The parties agree that the GSA will hold $150,000 of Contract funds for release upon reasonably satisfactory completion of the items set forth in paragraph 3. If, as of November 14, 2002, any of these items remain uncompleted, the parties agree to negotiate a good faith estimate of the value of the item that will continue to be held by the GSA pending completion of that item and the GSA agrees to release the remainder of the $150,000 being held.

5. The parties hereto agree that the items set forth on the Electrical D&O List shall be performed by the GSA under the supervision of Mr. David Henson, P.E. The parties agree that the GSA shall hold $176,500 of Contract funds pending completion of the items set forth on the Electrical D&O List. When the Electrical D&O List items are completed, the GSA will provide an accounting of the sums expended by the GSA to complete the Electrical D&O List. The GSA agrees to provide upon request of PMCC or Monumental reasonable backup documentation supporting the charges for completion of the Electrical D&O List. The GSA shall reduce the amount of $176,500 held by the costs of completing the Electrical D&O List and shall release all remaining funds. The GSA shall not be entitled to recover from any of the other parties to this Settlement Agreement any amounts expended in excess of $176,500 or for work not within the scope of the Contract.

6. The parties agree that the GSA shall hold $50,000 of Contract funds for touchup repair work on the millwork and first floor lobby tile work

until May 24, 2003. At that time, the GSA shall release the amount of $50,000 less the amounts reasonably required for repairs of millwork and first floor lobby tile that fall within the warranty provisions of the Contract. The GSA shall not be entitled to recover from any of the other parties to this Settlement Agreement for any amounts expended in excess of $50,000 or for work not within the scope of the Contract.

7. The parties agree that the GSA shall hold $34,000 of Contract funds until such time as PMCC shall reestablish electrical service to the light poles on Washington and Broad Streets. When electrical service is reestablished, GSA shall release the sum of $34,000.

8. The parties agree that all amounts released by the GSA shall be forwarded by the GSA directly to Monumental pursuant to the assignment by PMCC to Monumental. Payment shall be made by electronic funds transfer as follows:

| | |
|---|---|
| Bank Name: | Harris Trust and Savings bank |
| Bank Location: | Chicago, IL |
| ABA#: | 071-000-288 |
| Account #: | 328-512-9 |
| Account Name: | MES HOLDING CORP. |
| Reference: | EMCOR GROUP, INC. |

9. The parties agree that promptly upon execution of this Settlement Agreement and submission of a proper invoice by Monumental, the GSA shall release the amount of ~~$567,453.26~~ $600,491.26 to Monumental. Upon receipt of those funds, Monumental agrees to make payment to Albany Tomorrow in the amount of $5,341 representing the credit for exercising deductive option no. 20 as set forth in the Contract.

WB

10. PMCC for itself and its affiliates, successors in interest and assigns, if any, and its officers, directors, shareholders, employees, agents, insurers, sureties, consultants, experts, and attorneys does hereby release and forever discharge GSA, Federal, Travelers, and Monumental and each of their affiliates, successors in interest and assigns, if any, and their officers, directors. shareholders, employees, agents, insurers, sureties, consultants, experts and attorneys from any and all claims, damages, demands, actions, causes of action, suits, contracts and agreements, indemnity agreements, controversies, judgments or arbitration proceedings, at law or in equity, whether known or unknown, of whatsoever kind or nature, that PMCC or its affiliates, successors in interest, and assigns, if any, had, now have, or hereafter can, shall or may have, arising out of or related to the Contract, the Project, the Bonds, the Electrical D&O List, the D&O List, the Diminished Value Items, and the Claims.

WB

11. Federal, Travelers, and Monumental for themselves and their affiliates, successors in interest, and assigns, if any, and their officers, directors, shareholders, employees, agents, insurers, sureties, consultants, experts, and attorneys hereby release and forever discharge GSA, its affiliates, successors in interest, and assigns, if any, and its officers, directors, shareholders, employees, agents, insurers, sureties, consultants, experts, and attorneys from any and all claims, damages, demands, actions, causes of actions, suits, contracts and agreements, indemnity agreements, controversies, judgments or arbitration proceedings, at law or in equity, whether known or unknown, of whatsoever kind or nature that Federal, Travelers, or Monumental or their affiliates, successors in interest, and assigns, if any, had, now have, or hereafter can, shall, or may have, arising out of or related to the Contract, the Project, the Bonds, the Electrical D&O List, the D&O List, the Diminished Value Items, and the Claims.

12. GSA and its affiliates, successors in interest, and assigns, if any, and its officers, directors, employees, agents, insurers, sureties, consultants, experts, and attorneys hereby release and forever discharge PMCC, Federal, Travelers, and Monumental (with the sole and limited exception of the obligations set forth herein and latent defects appearing in the Project after the date hereof) including applicable warranties), their affiliates, successors in interest, and assigns, if any, and its officers, directors, shareholders, employees, agents, insurers, sureties, consultants, experts, and attorneys, from any and all claims, damages, demands, actions, causes of actions, suits, contracts and agreements, indemnity agreements, controversies, judgments or arbitration proceedings, at law or in equity, whether known or unknown, of whatsoever kind or nature that GSA or its affiliates, successors in interest, and assigns, if any, had, now have, or hereafter can, shall, or may have, arising out of or related to the Contract, the Project, the Bonds, the Electrical D&O List, the D&O List, the Diminished Value Items, and the Claims including any right to offset against any amounts due to PMCC any other obligation to the GSA.

13. Notwithstanding the provisions of the foregoing three paragraphs, any party hereto has the right to enforce the terms of this Settlement Agreement. This Settlement Agreement does not modify or release any obligations of PMCC, Federal, or Travelers under the Payment Bond issued in connection with the Project.

14. This Settlement Agreement contains the entire agreement regarding the subject matter discussed herein. The Settlement Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns. The signatories to the Settlement Agreement warrant that he/she is authorized by the party on his behalf he/she signs to enter into this Settlement Agreement on behalf of said party.

IN WITNESS WHEREOF, the Parties hereto have affixed their signatures and their seal to this Settlement Agreement effective the date and year first above written.

PAT MATHIS CONSTRUCTION COMPANY, INC,

By: ______________________
Printed Name: ______________________
Title: ______________________
Date: ______________________

FEDERAL INSURANCE COMPANY

By: ______________________
Printed Name: Barry Huber
Title: Claims Examiner
Date: 9/23/02

TRAVELERS PROPERTY AND CASUALTY as Administrator
For RELIANCE INSURANCE COMPANY and
UNITED PACIFIC INSURANCE COMPANY

By: Thomas J Roberts
Printed Name: Thomas J Roberts
Title: Claims Counsel - Bond Claims
Date: 09/18/02

MONUMENTAL INVESTMENT CORPORATION

By: ______________________
Printed Name: DA Scharr
Title: Vice President
Date: 9/16/2

THE GENERAL SERVICES ADMINISTRATION

By: Wylene Bell
Printed Name: Wylene Bell
Title: Contracting Officer
Date: 11-14-2002

8715/15 1442010v2