EXHIBIT 4

## ASSIGNMENT

This Assignment is entered into this 1st day of May, 2001 by and between Pat Mathis Construction Company, Inc. ("PMCC") and Monumental Investment Corporation ("Monumental").

WHEREAS, PMCC has entered into a contract with the United States of America (the "Government") for New Courthouse, Albany, Georgia, Contract No. GS-04P-96-EXC-0034(NEG)8(a) (the "Contract"); and

WHEREAS, Monumental is an institution providing financing, financial accommodations, and other financial assistance to PMCC with regard to the Contract and other contracts entered into by PMCC; and

WHEREAS, PMCC has asserted or may be entitled to assert various claims and requests for equitable adjustments against the Government or other parties arising out of the performance of the Contract, including without limitation claims against subcontractors or suppliers on the Contract (including their sureties or insurance carriers) (collectively, the "Claims"); and

WHEREAS, the parties both agree that, independent of this Assignment and by virtue of prior agreements between the parties and the relationship of the parties, Monumental already possesses rights to the Claims, but the parties desire to clarify same herein; and

WHEREAS, PMCC desires to enter into this Assignment with Monumental in consideration of the financing, financial accommodations, and financial assistance provided and to be provided by Monumental to PMCC.

NOW, THEREFORE, in consideration of the mutual covenants and representations set forth herein, the parties acknowledging sufficiency of consideration, it is agreed to between PMCC and Monumental as follows:

1. PMCC for itself, its successors, and assigns does hereby forever assign to Monumental all of PMCC's rights, interests, and title to any amounts payable under the Contract to PMCC, including the Claims. This Assignment does not cover amounts already paid to PMCC under the Contract. This Assignment shall not be subject to further assignment.

2. PMCC does hereby irrevocably nominate and appoint Monumental and any officer thereof the true and lawful attorney-in-fact of PMCC with the full right and authority, but not the obligation, to pursue and collect all remaining amounts owed on the Contract, including the Claims, and to sign

the name of PMCC to any voucher, release, satisfaction, check, settlement, or other agreement in order to effectuate the purpose of this Assignment. PMCC does hereby ratify and confirm all that such attorney-in-fact may lawfully do in the name of PMCC. Monumental shall have the right to pursue in its own name or in the name of PMCC, in litigation or otherwise, the Claims or any amounts owing under the Contract. Monumental has no obligations to PMCC with regard to the pursuit of the Claims or any other amounts owed under the Contract. Monumental shall have full authority and right to settle, compromise, appeal, dismiss, or take any other action it deems appropriate in its sole discretion with regard to the Claims or payments of amounts owed under the Contract. PMCC shall provide all cooperation necessary (including without limitation certification of claims, access to its records, including the records held by its attorneys, and testimony of witnesses), at its own expense, as may be necessary for Monumental to pursue the Claims or payments of amounts under the Contract or to effectuate the intent of this Assignment.

3. Nothing set forth herein shall obligate Monumental for any amounts that the Government contends may be owed to it by PMCC under the Contract or any other contract between the Government and PMCC.

4. Monumental is hereby authorized to provide notice of this Assignment together with a true copy of this Assignment to the Contracting Officer or Agency Head, the surety on any bond applicable to the Contract, and the Disbursing Officer designated in the Contract to make payment.

5. PMCC represents and warrants that the Contract does not prohibit assignments of claims thereunder.

6. The parties hereto agree that this Assignment shall be construed in accordance with the laws of the State of Maryland, without regard to its choice of law principles, and shall not be subject to construction in favor of or strictly against any particular party. Each party represents and warrants to the other that it has the right and is authorized to enter into this Assignment and to perform the obligations attendant hereto has obtained the consent or approvals necessary to make this representation and warranty. This Assignment may only be changed or modified by a written instrument signed by all parties and the parties agree that this provision may not be orally modified. If any provision or part of any provision of this Assignment shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision of this Assignment and this Assignment shall be construed as if such invalid, illegal, or unenforceable

provision or part thereof had ever been contained herein, but only to the extent of its invalidity, illegality, or unenforceability.

Attest:

Corporate Secretary

**PAT MATHIS CONSTRUCTION COMPANY**

By: ______________________

Patricia Mathis, President

Affix Pat Mathis Construction Company, Inc. Corporate Seal:

______________________

MONUMENTAL INVESTMENT CORPORATION

By: ______________________

David Schorr, Vice President

1349712