IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MONUMENTAL INVESTMENT CORPORATION | ) | |
| | ) | No. 03-2227 |
| Plaintiffs, | ) | (Judge Lettow) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies and alleges as follows.

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient

to form a belief as to their truth.

2. Admits.

3. The allegations contained in paragraph 3 constitute conclusions of law and plaintiff's

characterization of its case, to which no answer is required; to the extent they are deemed allegations

of fact, they are denied.

4. Admits the allegations contained in paragraph 4 to the extent supported by the cited contract,

which is the best evidence of its contents.

5. The allegation in the first sentence of paragraph 5 that Mathis was required to provide a

performance bond and payment bond for the project by "applicable federal law" is a conclusion of law,

to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied; admit

the remainder of the allegations in the first sentence of paragraph 1 to the extent support by the cited contract, which is the best evidence of its contents; Admit the allegations contained in the second sentence of paragraph 5 to the extent supported by the cited bonds, which are the best evidence of their contents.

6. Denies the allegations in the first sentence of paragraph 6 for lack of knowledge or information sufficient to form as belief as to their truth; admits the allegations in the second sentence of paragraph 6 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the remainder of the allegations in paragraph 6.

7. The allegations contained in paragraph 7 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

8. Admits the allegations in paragraph 8 to the extent that Mathis provided incomplete and unsatisfactory work to GSA and, as a result, the courthouse required additional work; the remainder of allegations in paragraph 8 are plaintiff's characterization of its case, to which no answer is required.

9. The allegations in paragraph 9 are plaintiff's characterization of its case, to which no answer is required; to they extent they are deemed allegations of fact, they are denied.

10. The allegations in paragraph 10 are plaintiff's characterization of its case, to which no answer is required; to they extent they are deemed allegations of fact, they are denied

11. Admits the allegations cited in paragraph 11 to the extent supported by the cited agreement,

which is the best evidence of its contents; the remainder of allegations in paragraph 11 are conclusions

of law, to which no answer is required; to they extent they are deemed allegations of fact, they are

denied

12. Admits the allegations cited in paragraph 12 to the extent supported by the cited agreement,

which is the best evidence of its contents; the remainder of the allegations in paragraph 12

are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the

extent they are deemed allegations of fact, they are denied.

13. Admits the allegations cited in paragraph 13 to the extent supported by the cited agreement,

which is the best evidence of its contents; the remainder of allegations in paragraph 13 are conclusions

of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are

deemed allegations of fact, they are denied.

14. Admits the allegations cited in paragraph 14 to the extent supported by the cited agreement,

which is the best evidence of its contents; the remainder of allegations in paragraph 14 are conclusions

of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are

deemed allegations of fact, they are denied.

15. Admits the allegations cited in paragraph 15 to the extent supported by the cited agreement,

which is the best evidence of its contents; the remainder of allegations in paragraph 15 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

16. Defendant's responses to paragraphs 1 though 15 of the complaint are incorporated by reference.

17. Admits the allegations in paragraph 17 to the extent supported by the cited agreement, which is the best evidence of its contents; the remainder of allegations in paragraph 17 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 19 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 20 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are

denied.

21. The allegations contained in paragraph 21 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

23. Denies that plaintiff is entitled to relief set forth in the prayer for relief immediately following paragraph 23, or to any relief whatsoever.

24. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

Todd M. Hughes for James M. Kinsella
JAMES M. KINSELLA
Deputy Director

s/ Michael Bahler
MICHAEL F. BAHLER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-3020

Attorneys for Defendant

OF COUNSEL:

DIANA PARKS CURRAN
Assistant Regional Counsel
General Services Administration

December 15, 2003

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 15 day of December, 2003, I caused to served by mail a copy of "DEFENDANT'S ANSWER," addressed as follows:

Michael A. Stover
Whitefield, Taylor & Preston
Seven Saint Paul Street
Suite 1300
Baltimore, Maryland 21202

________________________________________